<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

ANTHONY OELSCHLEGEL,

               Plaintiff,

               v.

COMMISSIONER,
SOCIAL SECURITY ADMINISTRATION,

               Defendant.

Civ. No.09-690 (GEB)

**MEMORANDUM OPINION**

**<u>BROWN, Chief Judge</u>**

      This matter comes before the Court upon the complaint of Plaintiff Anthony Oelschlegel ("Oelschlegel") that alleges Defendant the Commissioner of the Social Security Administration (the "Commissioner") erroneously denied Oelschlegel's applications for benefits under the Social Security Act (the "Act"). (Compl.; Doc. No. 1.) The Commissioner has filed a brief in opposition. (Def.'s 9.1 Opp'n Br.; Doc. No. 9.) The Court has jurisdiction pursuant to 42 U.S.C. § 405(g), and has considered the parties' submissions without oral argument pursuant to Federal Rule of Civil Procedure 78. Having done so, for the reasons expressed below, the Court will remand this case for further proceedings.

**I.    BACKGROUND**

      On December 29, 2003, Oelschlegel filed applications for disability insurance benefits and supplemental security income under Titles II and XVI of the Act. (ALJ Decision 3/27/08;

A.R. p. 12.)[1]  Oelschlegel alleged disability as of October 29, 2003.  (*Id.*)  Both applications were denied on January 13, 2004, and upon reconsideration on May 25, 2006.  (*Id.*)  Thereafter, Oelschlegel timely requested a hearing on June 14, 2006.  (*Id.*)  The hearing took place on November 2, 2007 (the "Hearing"), before ALJ Donna Krappa.  (*Id.*)  At the Hearing, the ALJ heard testimony from Oelschlegel.  (*Id.*)

Following the Hearing, on March 27, 2008, the ALJ issued her Decision that denied Oelschlegel's applications for benefits.  (*Id.*)  In her Decision, the ALJ summarized the record in detail and found that: (1) Oelschlegel met the insured status requirements of the Social Security Act through December 31, 2007; (2) Oelschlegel has not engaged in substantial gainful activity since October 29, 2003, the alleged onset date; (3) Oelschlegel has severe impairments, namely disorder of the back, fractures of the knee and hip (latent effect of), and affective disorders; (4) that none of Oelschlegel's impairments, or combination of impairments, meets or medically equals one of the listed impairments in 20 C.F.R. Part 404; and (5) that given Oelschlegel's residual functional capacity ("RFC"), Oelschlegel cannot perform any of his past relevant work, but there are jobs in significant numbers in the national economy that Oelschlegel can perform. (*Id.*)  Based upon these findings, the ALJ concluded Oelschlegel was not disabled as defined by the Social Security Act and denied Oelschlegel's applications for benefits on that basis.  (*Id.* at p. 22.)  Oelschlegel timely appealed the ALJ's Decision to the Social Security Administration

---

[1] Much of the Administrative Law Judge's (the "ALJ") March 27, 2008 post-hearing decision (the "Decision") is not disputed by Oelschlegel.  Further, the non-disputed portions of the Decision appear to provide a thorough summary of the facts and procedural history of Oelschlegel's case.  As such, for the sake of economy, the Court will cite to the Decision where appropriate.  Additionally, throughout this memorandum opinion, the short citation "A.R." refers to the corresponding page number in the administrative record for this case.

Appeals Counsel, which ultimately denied Oelschlegel's request for review on December 22, 2008.  (A.R. p. 4.)

Having exhausted his administrative remedies, Oelschlegel timely filed his present complaint in federal district court on February 17, 2009.  (Compl.; Doc. No. 1.)  The case was reassigned to this Court on February 2, 2010.  (Doc. No. 10.)  In his brief filed pursuant to Local Civil Rule 9.1, Oelschlegel argues that the ALJ's Decision is not supported by substantial evidence, and is erroneous as a matter of law for the following four reasons: (1) the ALJ erred by not finding that Oelschlegel's impairments meet or equal the Listings at Step 3 of the requisite analysis; (2) the ALJ erred by misconstruing or ignoring the Vocational Expert's testimony; (3) the ALJ erred by not fairly evaluating Oelschlegel's subjective complaints of pain; (4) the ALJ erred by improperly utilizing the "sit and squirm" method of analysis.  (Pl.'s 9.1 Br. at p. 1; Doc. No. 7.)   Subsequently, the Commissioner filed an opposition brief pursuant to L. Civ. R. 9.1, and therein argues that all of Oelschlegel's arguments fail, and that the ALJ's Decision is supported by substantial evidence and must be affirmed.  (Def.'s 9.1 Opp'n Br.; Doc. No. 9.)

## II.     DISCUSSION

### A.     Legal Standard

A plaintiff may not receive benefits under the Act unless he or she first meets statutory insured status requirements.  A plaintiff must be disabled, which is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). An individual is not under a disability unless "his physical or mental impairment or impairments

are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives or whether a specific job vacancy exist for him, or whether he would be hired if he applied for work." 42 U.S.C. § 423(d)(2)(A).

Regulations promulgated under the Act establish a five-step process for an ALJ's evaluation of a claimant's disability. 20 C.F.R. § 404.1520 (2005). In the first step, the ALJ must determine whether the claimant is currently engaged in "substantial gainful activity." 20 C.F.R. § 404.1520(a)(4)(i). If the claimant is working and the work is a substantial gainful activity, his application for disability benefits is automatically denied. *Id.* If the claimant is not employed, the ALJ proceeds to step two and determines whether the claimant has a "severe impairment" or "combination of impairments." 20 C.F.R. § 404.1520(a)(4)(ii). A claimant who does not have a "severe impairment" is not disabled. *Id.* Third, if the impairment is found to be severe, the ALJ determines whether the impairment meets or is equal to those impairments listed in Appendix 1 of this subpart ("the Listing"). 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is conclusively presumed to be disabled, and the evaluation ends. *Id.*; 20 C.F.R. § 404.1520(d).

If it is determined that the impairment does not meet or equal a listed impairment, the ALJ proceeds to step four, which requires a determination of: (1) the claimant's capabilities despite limitations imposed by an impairment ("residual functional capacity," or "RFC"); and (2) whether those limitations prevent the claimant from returning to work performed in the past ("past relevant work"). 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant is found capable of performing his previous work, the claimant is not disabled. *Id.* If the claimant is no longer able

to perform his prior line of work, the evaluation must continue to the last step.  The fifth step requires a determination of whether the claimant is capable of adjusting to other work available in the national economy.  20 C.F.R. § 404.1520(a)(4)(v).  The ALJ must consider the RFC assessment, together with claimant's age, education, and past work experience.  20 C.F.R. § 404.1520(g).  Thus, entitlement to benefits turns on a finding that the claimant is incapable of performing his past work or some other type of work in the national economy because of his impairments.

      The application of these standards involves shifting burdens of proof.  The claimant has the burden of demonstrating both steps one and two, i.e., an absence of present employment and the existence of a medically severe impairment.  *Bowen v. Yuckert,* 482 U.S. 137, 146 n.5 (1987).  If the claimant is unable to meet this burden, the process ends, and the claimant does not receive benefits.  *Id.*  If the claimant carries these burdens and demonstrates that the impairments meet or equal those within the Listing, claimant has satisfied his burden of proof and is automatically entitled to benefits.  *Id.*  If the claimant is not conclusively disabled under the criteria set forth in the Listing, step three is not satisfied, and the claimant must prove "at step four that the impairment prevents her from performing her past work."  *Id.*  Thus, it is the claimant's duty to offer evidence of the physical and mental demands of past work and explain why he is unable to perform such work.  If the claimant meets this burden, the burden of proof then shifts to the Commissioner to show, at step five, that the "claimant is able to perform work available in the national economy."  *Id.*  The step five analysis "can be quite fact specific."  *Burnett v. Commissioner*, 220 F.3d 112, 126 (3d Cir. 2000).

      **B.**    **Application**

At Step 3 of the analysis noted above, the ALJ determined that Oelschlegel has severe impairments, namely a disorder of the back, fractures of the knee and hip (latent effect of), and affective disorders, but that those severe impairments do not meet or medically equal one of the impairments listed in 20 CFR Part 404. (ALJ Decision 3/27/08; A.R. p. 15.) Oelschlegel argues that the ALJ's foregoing determination is erroneous and not supported by substantial evidence. (Pl.'s 9.1 Br. at pp. 10-15; Doc. No. 7.) Specifically, Oelschlegel asserts that based on the evidence, the ALJ should have found him categorically disabled at Step 3 based upon the terms of Listing 1.00 and Listing 1.02. (*Id.*) The terms of the relevant regulations follow.

> Listing 1.00 *Musculoskeletal System*. *General*. Under this section, loss of function may be due to bone or joint deformity or destruction from any cause; miscellaneous disorders of the spine with or without radiculopathy or other neurological deficits; amputation; or fractures or soft tissue injuries, including burns, requiring prolonged periods of immobility or convalescence. The provisions of 1.02 and 1.03 notwithstanding, inflammatory arthritis is evaluated under 14.09 (*see* 14.00D6).
>
> Listing 14.00(D)(6) *Inflammatory Arthritis*. *General*. The spectrum of inflammatory arthritis includes a vast array of disorders that differ in cause, course, and outcome. Clinically, inflammation of major peripheral joints may be the dominant manifestation causing difficulties with ambulation or fine and gross movements; there may be joint pain, swelling, and tenderness. The arthritis may affect other joints, or cause less limitation in ambulation or the performance of fine and gross movements. However, in combination with extra-articular features, including constitutional symptoms or signs (severe fatigue, fever, malaise, involuntary weight loss), inflammatory arthritis may result in an extreme limitation.

20 CFR Part 404 Subpart P, Appendix 1 (2009). The Court's review is plenary as to the Commissioner's application of the law. *Krystoforski v. Chater*, 55 F. 3d, 858 (3d Cir. 1995). In light of the evidence in the record, the Court concludes that the ALJ's apparent failure to apply

6

Listing 14.00(D)(6), or explain why that Listing is not applicable, was erroneous and requires remand of this matter to the ALJ for further consideration.

In the Decision, the ALJ expressly notes that, "the claimant's orthopedic impairment is evaluated under section 1.00." (ALJ Decision 3/27/08; A.R. p. 15.)  Listing 1.00 requires the application of Listing 14.00(D)(6) when inflammatory arthritis is a consideration.  In this case, there is evidence in the record that arthritis is a factor in Oelschlegel's alleged disability.   During the Hearing, the ALJ questioned Oelschlegel about the events that led up to his total hip replacement in March, 2005.  (A.R. pp. 482-485.)  When Oelschlegel testified about the medical necessity for his total hip replacement, which involved a surgical plate that had been inserted after a 1984 auto accident, Oelschlegel stated that, "the plate came out, and it had caused extensive damage.  There was – it was a central site for a bone-induced – injury-induced arthritis, is what they called it.  It's not regular arthritis; it's a more aggressive arthritis." (*Id.* at p. 484.)  Further, the Decision indicates that the ALJ relied heavily upon the report of Justin Fernando, M.D., who had performed a consultative examination of Oelschlegel on February 16, 2006.  (*Id.* at pp. 389-393.)  Dr. Fernando's report concluded by diagnosing Oelschlegel with, "osteoarthritis of the right hip." (*Id.* at p. 393.)  Thus, despite Oelschlegel's own testimony that expressly discussed his "aggressive arthritis", and Dr. Fernando's diagnosis that Oelschlegel suffered from "osteoarthritis of the right hip", the ALJ's Decision does not adequately address this issue given the CFR's explicit instruction to consider inflammatory arthritis under Listing 14.00(D)(6).  As such, the Court concludes that remand is necessary to facilitate the ALJ's reconsideration of the record in light of this memorandum opinion.

Because the Court concludes that remand is appropriate on this basis alone, the Court

shall not consider Oelschlegel's alternate grounds for relief.

## III.     CONCLUSION

For the foregoing reasons, the Court will VACATE the Commissioner's decision and REMAND Oelschlegel's case for further proceedings not inconsistent with this opinion.  Further, in light of that remand, the Court will order the Clerk of the Court to CLOSE this case.

Dated: March 2, 2010

                   /s/ Garrett E. Brown, Jr.
                 GARRETT E. BROWN, JR., U.S.D.J.