NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANTHONY OELSCHLEGEL, : | |
| : | |
| Plaintiff, : | Civil Action No.: 09-690 (ES) |
| : | |
| v. : | MEMORANDUM OPINION |
| : | & ORDER |
| CAROLYN W. COLVIN, : | |
| Acting Commissioner of Social Security, : | |
| : | |
| Defendant. : | |

**SALAS, DISTRICT JUDGE**

This matter having come before the Court on plaintiff Anthony Oelschlegel's ("Plaintiff") motion for attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, (D.E. No. 14), and the Court having considered the parties' submissions in support of and in opposition to Plaintiff's motion, and for the reasons expressed herein and without having heard oral argument pursuant to Federal Rule of Civil Procedure 78(b), and it appearing that:

1. On March 2, 2010, former Chief Judge Garrett E. Brown, Jr. issued an order vacating a decision of the defendant Commissioner of the Social Security Administration (the "Commissioner" or "Defendant") and remanding to the Commissioner for further proceedings consistent with an accompanying memorandum opinion. (D.E. No. 12).[1] On March 3, 2010, the Clerk of Court entered the order and accompany opinion on the docket in this matter.

---

[1] At the time of Chief Judge Brown's order, Michael J. Astrue was the Commissioner of the Social Security Administration. The Court substitutes Carolyn W. Colvin—the current Acting Commissioner of Social Security—pursuant to Federal Rule of Civil Procedure 25(d).

2. On July 24, 2013, Plaintiff filed the instant motion for attorney's fees and costs under the EAJA contending that, pursuant to Chief Judge Brown's order, further administrative proceedings followed and, on April 26, 2013, an administrative law judge issued a favorable decision for Plaintiff. (*See* D.E. No. 14-1 at 2-3).

3. The Commissioner opposes Plaintiff's motion, arguing that it is untimely and that the number of hours proffered for Plaintiff's counsel's work is excessive. (*See* D.E. No. 16).

4. Plaintiff's counsel, however, avers that "he was unaware that Judge Brown's decision of March 2, 2010 . . . constituted a 'material alteration' of the legal relationship of the parties' [sic] sufficient to enter a final judgment at this time" and that "[a]fter Judge Brown's remand in March 2010, Plaintiff appeared with counsel at two additional hearings." (D.E. No. 17 at 2-3). Plaintiff argues that, "even if Plaintiff's EAJA application was not timely filed, the Court has not been divested of subject-matter jurisdiction over the petition." (*Id.* at 3). Finally, Plaintiff contends that the proffered hours are reasonable. (*Id.*).

5. Under the EAJA, "a court may award reasonable fees and expenses of attorneys, in addition to [certain] costs . . . to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity." 28 U.S.C. § 2412(b). "A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses." *Id.* § 2412(d)(1)(B). A "'final judgment' means a judgment that is final and not appealable." *Id.* § 2412(d)(2)(G). A sixty-day right-to-appeal period begins after entry of judgment. *See* Fed. R. App. P.

4(a)(1)(B).[2] Thus, after the sixty-day period expires, a plaintiff has thirty days to file an EAJA motion for fees and expenses. *See Shalala*, 509 U.S. at 302 ("An EAJA application may be filed until 30 days after a judgment becomes 'not appealable'—*i.e.,* 30 days after the time for appeal has ended. Rule 4(a) of the Federal Rules of Appellate Procedure establishes that, in a civil case to which a federal officer is a party, the time for appeal does not end until 60 days after 'entry of judgment'. . . ."). "This results in a ninety-day period comprising the sixty-day period for appealing a final judgment under Fed. R. App. P. 4(a) plus the thirty day period for filing an attorney's fees application pursuant to 28 U.S.C. § 2412(d)(1)(B)." *Potter v. Barnhart*, No. 02-2185, 2003 WL 22016796, at *2 (E.D. Pa. June 11, 2003). Accordingly, the issue here is whether Chief Judge Brown's March 2, 2010 vacatur and remand order constituted an entry of judgment that became final sixty days thereafter such that Plaintiff then had thirty days to file an EAJA motion "seeking an award of fees and other expenses" under 28 U.S.C. § 2412(d)(1)(B).

6. "In cases reviewing final agency decisions on Social Security benefits, the exclusive methods by which district courts may remand to the Secretary are set forth in sentence four and sentence six of [42 U.S.C.] § 405(g) . . . ." *Shalala*, 509 U.S. at 296. Pursuant to sentence four of 42 U.S.C. § 405(g), "[t]he court shall have power to enter . . . a judgment affirming, modifying, or reversing the decision of the Commissioner of Social

---

[2] To be sure, "a judgment is considered *entered* for purposes of the rule only if it has been entered in compliance with Rule 58 of the Federal Rules of Civil Procedure." *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993) (internal quotations marks and textual modifications omitted) (emphasis added). Under Rule 58, "every judgment must be set out in a separate document, such as an order." *Dixon v. Comm'r of Soc. Sec.*, No. 10-5703, 2013 WL 5299561, at *2 (D.N.J. Sept. 18, 2013).

Security, with or without remanding the cause for a rehearing."[3]  Notably, "a sentence-four remand order and not the decision in the administrative proceedings on remand is the starting point for calculating the time for filing a fee petition under the EAJA, namely, 30 days following the expiration of the time for appealing the remand order."  *Mitek v. Sullivan*, 849 F. Supp. 302, 303 (D.N.J. 1994).

7. The Court finds that, on March 2, 2010, Chief Judge Brown entered a judgment.  Chief Judge Brown ordered that the "Commissioner's decisions is VACATED and this case is REMANDED to the Commissioner for further proceedings not inconsistent with the Court's accompanying memorandum opinion" and that "the Clerk of the Court CLOSE this case." (D.E. No. 12).  This order was a separate document from Chief Judge Brown's accompanying memorandum opinion, (*see* D.E. Nos. 11 & 12), and thus satisfies Federal Rule of Civil Procedure 58.  *See In re Cendant Corp. Sec. Litig.*, 454 F.3d 235, 241 (3d Cir. 2006).  Furthermore, Chief Judge Brown's order was plainly a sentence-four remand order.  *See* 42 U.S.C. § 405(g).  And this made Plaintiff a "prevailing party."  *See Shalala*, 509 U.S. at 302 ("[A] party who wins a sentence-four remand order is a prevailing party.").  Thus, this "is the starting point for calculating the time for filing a fee petition under the EAJA"—not "the decision in the administrative proceedings on remand."  *See Mitek*, 849 F. Supp. at 303.

8. But Plaintiff filed the instant EAJA motion for attorney's fees and costs on July 24, 2013—well beyond the ninety-day period that began on March 2, 2010 (the date Chief

---

[3] Conversely, "[s]entence-six remands may be ordered in only two situations: where the Secretary requests a remand before answering the complaint, or where new, material evidence is adduced that was for good cause not presented before the agency." *Shalala*, 509 U.S. at 297 n.2 (citing 42 U.S.C. § 405(g)).

Judge Brown signed the order) or March 3, 2010 (the date the order was entered on the docket). Therefore, Plaintiff's motion must be denied as untimely.[4]

For these reasons, **IT IS** on this 26th day of June 2014,

**ORDERED** that Plaintiff's motion, (D.E. No. 14), is DENIED.

*/s/ Esther Salas*
**Esther Salas, U.S.D.J.**

---

[4] Given the Court's analysis above and Plaintiff's contentions, the Court need not reach issue of equitable tolling or whether the proffered hours of work were reasonable.